IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:12-CV-443-GCM-DCK

| | |
|---|---|
| DUSTIN M. HARLAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **MEMORANDUM AND** |
| v. ) | **RECOMMENDATION** |
| ) | |
| CAROLYN W. COLVIN,[1] ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER IS BEFORE THE COURT** on "Plaintiff's Motion For Summary Judgment" (Document No. 17) and the "Commissioner's Motion For Summary Judgment" (Document No. 21). This case has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b)(1)(B). After careful consideration of the written arguments, administrative record, and applicable authority, the undersigned will respectfully recommend that "Plaintiff's Motion For Summary Judgment" be <u>denied</u>; that the "Commissioner's Motion For Summary Judgment" be <u>denied</u>; and that the Commissioner's decision be <u>vacated</u>.

## I. BACKGROUND

Plaintiff Dustin M. Harlan ("Plaintiff"), through counsel, seeks judicial review of an unfavorable administrative decision on her application for disability benefits. (Document No. 1). On August 27, 2008, Plaintiff filed applications for a period of disability and disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. § 405 *et seq.*, and for

---

[1] Carolyn W. Colvin is the Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin should be substituted for Michael J. Astrue as Defendant in this suit.

supplemental security income under Title XVI of the Social Security Act, 42 U.S.C. § 1383 *et seq.*, alleging an inability to work due to a disabling condition beginning October 31, 2005. (Transcript of the Record of Proceedings ("Tr." 18, 128-131, 132-141)). The Commissioner of Social Security (the "Commissioner" or "Defendant") denied Plaintiff's application initially on March 2, 2009, and again after reconsideration on June 1, 2009. (Tr. 18, 73-87). In its "Notice of Reconsideration" the Social Security Administration ("SSA") included the following explanation of its decision:

> The medical evidence shows that your condition is not severe enough to be considered disabling. You are able to think, act in your own interest, communicate, handle your own affairs, and adjust to ordinary emotional stresses without significant difficulties. We realize that your condition keeps you from doing some types of work, but it does not keep you from doing less demanding work. Based on your age, education, and past work experience, you can do other work. It has been decided, therefore, that you are not disabled according to the Social Security Act.

(Tr. 73).

Plaintiff filed a timely written request for a hearing on June 25, 2009. (Tr. 18, 91-92). On April 21, 2010, Plaintiff appeared and testified at a hearing before Administrative Law Judge Wendell M. Sims ("ALJ"). (Tr. 18, 30-58). In addition, Kathryn H. Mooney, a vocational expert ("VE"), and Margaret B. DeVries, Plaintiff's attorney, appeared at the hearing. Id.

The ALJ issued a partially favorable decision on July 29, 2010, finding Plaintiff disabled from October 31, 2005, her alleged onset date, through December 31, 2008. (Tr. 14-28). The ALJ concluded that Plaintiff's disability ended on January 1, 2009. (Tr. 28).

Plaintiff filed a request for review of the ALJ's decision on August 13, 2010, which was denied by the Appeals Council on May 26, 2012. (Tr. 13, 1-3). The July 29, 2010 ALJ decision

thus became the final decision of the Commissioner when the Appeals Council denied Plaintiff's review request. (Tr. 1).

Plaintiff's "Complaint" seeking a reversal of the ALJ's determination was filed in this Court on July 20, 2012. (Document No. 1). On July 24, 2012, the undersigned was assigned to this case as the referral magistrate judge. "Plaintiff's Motion For Summary Judgment" (Document No. 17) and "Plaintiff's Memorandum In Support Of Her Motion For Summary Judgment" (Document No. 18), were filed February 25, 2013; and the "Commissioner's Motion For Summary Judgment" (Document No. 21) and "Memorandum In Support Of The Commissioner's Motion For Summary Judgment" (Document No. 22), were filed May 24, 2013. The pending motions are ripe for disposition, and therefore, a memorandum and recommendation to the Honorable Graham C. Mullen is now appropriate.

## II.  STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision; and (2) whether the Commissioner applied the correct legal standards. Richardson v. Perales, 402 U.S. 389, 390 (1971); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).

The Fourth Circuit has made clear that it is not for a reviewing court to re-weigh the evidence or to substitute its judgment for that of the Commissioner – so long as that decision is supported by substantial evidence. Hays, 907 F.2d at 1456 (4th Cir. 1990); see also, Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); Hancock v. Astrue, 657 F.3d 470, 472 (4th Cir. 2012). "Substantial evidence has been defined as 'more than a scintilla and [it] must do more than create a suspicion of the existence of a fact to be established. It means such relevant

evidence as a reasonable mind might accept as adequate to support a conclusion.'" Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting Perales, 402 U.S. at 401).

Ultimately, it is the duty of the Commissioner, not the courts, to make findings of fact and to resolve conflicts in the evidence. Hays, 907 F.2d at 1456; King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979) ("This court does not find facts or try the case de novo when reviewing disability determinations."); Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence, and that it is the claimant who bears the risk of nonpersuasion."). Indeed, so long as the Commissioner's decision is supported by substantial evidence, it must be affirmed even if the reviewing court disagrees with the final outcome. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

### III. DISCUSSION

The question before the ALJ was whether Plaintiff was under a "disability" as that term of art is defined for Social Security purposes, at any time between October 31, 2005, and the date of his decision.[2] (Tr. 19). To establish entitlement to benefits, Plaintiff has the burden of proving that she was disabled within the meaning of the Social Security Act. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987). The ALJ concluded that Plaintiff

> was "disabled" within the meaning of the Social Security Act from October 31, 2005 through December 31, 2008. On January 1, 2009, medical improvement occurred that is related to the ability to work, and the Plaintiff has been able to perform substantial gainful activity from that date through the date of this decision. Thus, the claimant's disability ended on January 1, 2009.

---

[2] Under the Social Security Act, 42 U.S.C. § 301, et seq., the term "disability" is defined as an: inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) (quoting 42 U.S.C. § 423(d)(1)(A)).

4

(Tr. 19).

The Social Security Administration has established a five-step sequential evaluation process for determining if a person is disabled. 20 C.F.R. § 404.1520(a). The five steps are:

(1) whether claimant is engaged in substantial gainful activity - if yes, not disabled;

(2) whether claimant has a severe medically determinable physical or mental impairment, or combination of impairments that meet the duration requirement in § 404.1509 - if no, not disabled;

(3) whether claimant has an impairment or combination of impairments that meets or medically equals one of the listings in appendix 1, and meets the duration requirement - if yes, disabled;

(4) whether claimant has the residual functional capacity ("RFC") to perform her/his past relevant work - if yes, not disabled; and

(5) whether considering claimant's RFC, age, education, and work experience he/she can make an adjustment to other work - if yes, not disabled.

20 C.F.R. § 404.1520(a)(4)(i-v).

In this case, the ALJ determined at the fifth step that Plaintiff was disabled from October 31, 2005 through December 31, 2008. (Tr. 25). However, when a claimant is found disabled at any point in the process, the ALJ must determine whether the disability continues or ends. See (Document No. 22, p.4) (citing 20 C.F.R. 404.1594 & 416.994); see also, (Tr. 20-21). The ALJ then concluded that beginning on January 1, 2009, Plaintiff was capable of making a successful adjustment to work that exists in significant numbers in the national economy, and thus, was not disabled as of that date. (Tr. 27-28).

The ALJ assessed Plaintiff's RFC and found that she retained the capacity to perform light work activity, with the following limitations:

> no climbing, but is only limited to occasional exposure to hazards. The claimant's decreased ability to sustain concentration limits her work with simple, routine, repetitive tasks, in a low production environment.

(Tr. 27). The ALJ also cites to the VE's testimony that according to the factors given by the ALJ, occupations claimant could perform included: counter clerk/photo finishing; photo copy machine operator; and tanning salon attendant. (Tr. 28).

Plaintiff on appeal to this Court makes the following assignments of error: (1) the ALJ failed to meet its burden of proof to show that medical improvement occurred; and (2) the ALJ erred in finding Plaintiff's testimony was not credible as of January 1, 2009. (Document No. 18, p.11, 15).

In this case, the undersigned finds that the ALJ has failed to demonstrate that substantial evidence supports his decision that Plaintiff was not disabled as of January 1, 2009. As such, the undersigned finds good cause to recommend that this case be remanded for further consideration.

As noted above, the ALJ specifically held that "[o]n January 1, 2009, medical improvement occurred that is related to the ability to work, and the Plaintiff has been able to perform substantial gainful activity from that date through the date of this decision." (Tr. 19). However, as effectively argued by Plaintiff, the ALJ cites to no evidence dated January 1, 2009, and fails to explain his decision that medical improvement occurred as of that date. (Document No. 18) p.13). Plaintiff further argues that the ALJ was required, but failed, to show medical improvement based on the symptoms, signs, and laboratory findings associated with the impairment. Id. (citing 20 C.F.R. § 404.1594(b)(1)).

The undersigned observes that the ALJ's limited discussion of Plaintiff's purported improvement specifically cites a February 9, 2010 report from Dr. Borresen, and references MRI

brain scans performed in March and November 2009. (Tr. 26, 519-521). As such, that evidence fails to address Plaintiff's symptoms or impairments as of January 1, 2009. Id.

The February 9, 2010 report states that Dr. Borresen's impression as of that date was that Plaintiff continued to have "[r]elapsing and remitting multiple sclerosis" and "[c]ognitive defects secondary to multiple sclerosis." (Tr. 521). Dr. Borresen further opined that Plaintiff's depression and Vitamin D deficiency were improved. Id. The ALJ decision does not appear to offer any specific evidence of medical improvement on January 1, 2009 that related to Plaintiff's ability to work. See (Tr. 19). Certainly the decision fails to explain such improvement. (Tr. 18-28).

Defendant contends that the ALJ's analysis on this issue is sufficient. (Document No. 22). In particular, Defendant asserts that the ALJ's decision focused on the facts that: (1) Plaintiff had no other multiple sclerosis relapses since starting Tysabari in December 2008; (2) scans and MRIs of Plaintiff's brain showed improvement; and (3) exam findings since January 1, 2009 had been "relatively normal." (Document No. 22, p.8).

While Defendant may have correctly identified facts that were critical to the ALJ's conclusion, the undersigned remains unconvinced that the ALJ's decision satisfies the requirements of 20 C.F.R § 404.1594. For example, even assuming there was medical improvement, it is unclear how such improvement related to Plaintiff's ability to work. See 20 C.F.R § 404.1594 (c)(2) and (f)(4). Without further development or explanation, the undersigned is not persuaded that the evidence cited by Defendant, and presumably relied upon by the ALJ, is adequate to support a finding that Plaintiff was no longer disabled as of January 1, 2009.

## IV. CONCLUSION

Based on the foregoing, as well as additional arguments presented by Plaintiff, the undersigned finds that this matter should be remanded for further consideration. The undersigned is not persuaded that there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," and that substantial evidence thus supports the Commissioner's decision. Richardson v. Perales, 402 U.S. 389, 401 (1971); Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005).

## V. RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that: "Plaintiff's Motion For Summary Judgment" (Document No. 17) be **DENIED**; the "Commissioner's Motion For Summary Judgment" (Document No. 21) be **DENIED**; and the Commissioner's determination be **VACATED** and this matter **REMANDED** for a new hearing and further consideration.

## VI. TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed **within fourteen (14) days** of service of same. Responses to objections may be filed within fourteen (14) days after service of the objections. Fed.R.Civ.P. 72(b)(2). Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to de novo review by the District Court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005). Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal. Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003);

Snyder v. Ridenhour, 889 F.2d 1363, 1365 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), reh'g denied, 474 U.S. 1111 (1986).

**IT IS SO RECOMMENDED**.

Signed: November 21, 2013

David C. Keesler
United States Magistrate Judge