**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**CIVIL ACTION NO. 3:12-CV-443-GCM-DCK**

| | | |
|---|---|---|
| **DUSTIN M. HARLAN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | <u>**ORDER**</u> |
| | ) | |
| **CAROLYN W. COLVIN,** | ) | |
| **Acting Commissioner of Social Security,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**THIS MATTER IS BEFORE THE COURT** on Plaintiff's "Petition For Attorney's Fees And Costs" (Document No. 26). This case has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b)(1)(B) and is now ripe for disposition. Having carefully considered the motion, the record and applicable authority, the undersigned will <u>grant</u> the motion, with modification.

## BACKGROUND

Plaintiff's "Complaint" seeking a reversal of the ALJ's determination was filed in this Court on July 20, 2012. (Document No. 1). "Plaintiff's Motion For Summary Judgment" (Document No. 17) and "Plaintiff's Memorandum In Support Of Her Motion For Summary Judgment" (Document No. 18) were filed February 25, 2013; and the "Commissioner's Motion For Summary Judgment" (Document No. 21) and "Memorandum In Support Of The Commissioner's Motion For Summary Judgment" (Document No. 22) were filed May 24, 2013.

On November 21, 2013, the undersigned issued a "Memorandum And Recommendation" (Document No. 23) recommending that this matter be remanded for a new hearing and further consideration. Neither party filed an objection to the "Memorandum And Recommendation."

The Honorable Graham C. Mullen affirmed the "Memorandum And Recommendation" on December 19, 2013.  (Document No. 24).

The pending "Petition For Attorney's Fees And Costs" (Document No. 26) was filed on March 19, 2014.  "Defendant's Opposition To Plaintiff's Petition For Attorney's Fees Under The Equal Access To Justice Act" (Document No. 28) was filed on April 7, 2014;  and "Plaintiff's Reply…" (Document No. 29) was filed on April 16, 2014.

## DISCUSSION

Plaintiff now seeks an award of attorney's fees and costs pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 (d) ("EAJA").  (Document No. 26).  Specifically, Plaintiff's petition requests a total of $7,530.00 for 38.8 hours of attorney time at $187 per hour, and 2.75 hours of paralegal time at $100 per hour.  (Document No. 26, p.2;  Document No. 26-1, pp.4-5).

The EAJA provides that:

> . . . a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.  . . .

> The court, in its discretion, may reduce the amount to be awarded pursuant to this subsection, or deny an award, to the extent that the prevailing party during the course of the proceedings engaged in conduct which unduly and unreasonably protracted the final resolution of the matter in controversy.

> . . . The amount of fees awarded under this subsection shall be based upon prevailing market rates for the kind and quality of the services furnished . . . .

28 U.S.C. § 2412 (d).

Defendant "agrees that Plaintiff reasonably expended services prior to the grant of remand, and was thus the prevailing party within the meaning of the Act," but argues that the number of hours charged "are excessive and warrant reduction." (Document No. 28, p.2). Defendant notes that the Supreme Court has directed that "district courts are to exclude from fee calculations 'hours that were not reasonably expended.'" (Document No. 28, p.3) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)).

Specifically, Defendant argues that: (1) the 32 hours requested to prepare Plaintiff's motion for summary judgment is excessive and should be reduced to 20 hours; and that (2) the $100 hourly rate for paralegal work is excessive and should be reduced to a rate of $65 per hour. (Document No. 28, pp.3-4). Defendant notes that "Plaintiff's counsels expended a number of hours reviewing and revising the other's work, which is redundant and excessive given each counsel's level of experience." (Document No. 28, p.4). In conclusion, Defendant contends that Plaintiff's total EAJA award should not exceed $5,190.30.

In short, "Plaintiff's Reply…" contends that Defendant seeks a "drastic reduction of twelve hours" that is not supported by Defendant's arguments. (Document No. 29). Plaintiff concludes an award of $7,530, plus "an additional $374 for two hours of attorney's time preparing this reply . . . for a total of $7,904" is appropriate. Id.

The undersigned finds a recent decision from the United States District Court for the Eastern District of North Carolina to be instructive.

> "Once the district court determines that plaintiffs have met the threshold conditions for an award of fees and costs under the EAJA, the district court must undertake the 'task of determining what fee is reasonable.'" Hyatt v. Barnhart, 315 F.3d 239, 253 (4th Cir. 2002) (citation omitted). "Ideally, the litigants will settle the amount of a fee," but "[w]here settlement is not possible, the fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended." Id.

(internal quotation omitted). A court has great discretion to determine the fee award so long as the fee is reasonable. Id. at 254. In determining the amount of the fee, a court may consider: (1) "[t]he extent of a plaintiff's success," Id; (2) the novelty and complexity of the issues presented, Bunn v. Bowen, 637 F.Supp. 464, 469 (E.D.N.C.1986); (3) the experience and skill of the attorney, Id.; and (4) the typical range of compensated hours in a particular field. Dixon v. Astrue, No. 5:06–CV–77–JG, 2008 WL 360989 *4 (E.D.N.C. Feb. 8, 2008).

Miles v. Colvin, 2014 WL 1309293, at *1 (E.D.N.C. March 28, 2014); see also Senechal v. Astrue, 2011 WL 1843189, at *2 (W.D.N.C. May 16, 2011) ("Under the EAJA, an award of attorney's fees must be 'reasonable,' both with respect to the hourly rate charged and the number of hours claimed. See Hyatt v. Barnhart, 315 F.3d 239, 248 (4th Cir. 2002) (quoting 28 U.S.C. § 2412(d)(2)(A)(ii)). The Court has broad discretion to determine what constitutes a reasonable fee award.").

After careful consideration of the foregoing, the Court in its discretion will accept the hourly rates as proposed by Plaintiff, but will reduce the number of hours for which Plaintiff's counsel should be compensated from 40.8 hours to 32 hours. Thus, 2.75 x $100 = $275 for paralegal work + 32 x $187 = $5,984 for attorney work, equals a total of $6,259.00. The undersigned observes that the issues presented by this action were neither novel nor complex, and that EAJA fees requested for similar work are typically significantly less than those requested by Plaintiff.

## CONCLUSION

**IT IS, THEREFORE, ORDERED** that Plaintiff's "Petition For Attorney's Fees And Costs" (Document No. 26) is **GRANTED**, with modification. The United States Social Security Administration shall pay attorney's fees in the amount of six thousand, two hundred, fifty-nine

dollars ($6,259.00) in full satisfaction of any and all attorney's fee claims Plaintiff may have in this case under the EAJA.

Pursuant to the United States Supreme Court's ruling in <u>Astrue v. Ratliff</u>, 560 U.S. 586 (2010), these attorney's fees are payable to Plaintiff as the prevailing party, and are subject to offset through the Treasury Department's Offset Program to satisfy any pre-existing debt Plaintiff may owe to the government. The Commissioner is directed to make the check payable to Plaintiff and deliver the check to the office of Plaintiff's counsel.

**SO ORDERED**.

Signed: April 23, 2014

David C. Keesler
United States Magistrate Judge