**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:12-CV-443-GCM-DCK**

| | |
|---|---|
| DUSTIN M. HARLAN, )<br>)<br>    **Plaintiff,** )<br>)<br>  v. )<br>)<br>CAROLYN W. COLVIN, )<br>  **Acting Commissioner of Social Security,** )<br>)<br>    **Defendant.** )<br>_____ ) | **ORDER** |

**THIS MATTER IS BEFORE THE COURT** on "Plaintiff's Motion For Attorney's Fees Under 42 U.S.C. § 406(b)" (Document No. 31). This case has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b)(1)(B) and is now ripe for disposition. Having carefully considered the motion, the record, and applicable authority, the undersigned will <u>grant</u> the motion.

By the instant motion, Plaintiff's counsel seeks an award of attorney fees under the Social Security Act, 42 U.S.C. § 406(b), which provides that a "court may determine and allow as part of its judgment a reasonable fee . . . not in excess of 25 percent of the total of the past due benefits to which claimant is entitled by reason of such judgment." It appears that the Social Security Administration ("SSA") has determined that Plaintiff's past due benefits are $82,750.00 for the period after December 31, 2009. (Document No. 31-1, p.8). The SSA has withheld $20,687.50 from Plaintiff's past-due benefits to pay his representative(s). (Document No. 31-1, p.8).

The undersigned notes that Plaintiff's "Petition For Attorney Fees And Costs" (Document No. 26) sought, and was allowed, attorney's fees in the amount of $6,259.00. Plaintiff's counsel

now asserts that the $6,259.00 in EAJA attorney fees will be reimbursed to Plaintiff upon award and receipt of the § 406(b) fees. (Document No. 31-1, p.10).

Recent caselaw provides that a court should review contingent-fee agreements, such as the one here, for reasonableness. Griffin v. Astrue, 1:10cv115-MR, 2012 WL 3155578 at *2 (W.D.N.C. August 2, 2012) (citing Gisbrecht v. Barnhart, 535 U.S. 789 (2002) and Mudd v. Barnhart, 418 F.3d 424 (4th Cir. 2005)).

Plaintiff's counsel now seeks an award of $20,099.00 in attorney's fees. (Document No. 31, p.1). In response, Defendant states that "[t]he Commissioner has no objection to a reasonable award of fees to Counsel pursuant to 42 U.S.C. §406(b), so long as it does not exceed $20,099.00." (Document No. 33, p.3).

Based on the foregoing, and the parties' briefs, the undersigned is satisfied that Plaintiff's request for fees is reasonable and consistent with applicable authority.

**IT IS, THEREFORE, ORDERED** that "Plaintiff's Motion For Attorney's Fees Under 42 U.S.C. § 406(b)" (Document No. 31) is **GRANTED**. The Court awards Plaintiff's counsel fees in the amount of **$20,099.00**.

**IT IS FURTHER ORDERED** that upon receipt of the requested fee, counsel shall promptly refund Plaintiff Dustin Harlan in the amount of **$6,259.00**

**SO ORDERED**.

Signed: March 1, 2016

David C. Keesler
United States Magistrate Judge